IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PATRICIA D. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13CV352 |
| | ) | |
| CRANDALL CLOSE, | ) | |
| GUILFORD COUNTY PUBLIC | ) | |
| DEFENDER'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on an Application to Proceed In Forma Pauperis by Plaintiff Patricia D. Davis. Plaintiff Patricia Davis has filed two related Complaints (this case and Case No. 1:13CV356), alleging Constitutional and civil rights violations arising out of a 2010 student-on-student physical attack at a high school in this District. Plaintiff Patricia Davis alleges that the victim of the attack was Jacob Davis, her son. The Defendants named in the Complaint in the present case are Attorney Crandall Close and the Guilford County Public Defender's Office. The Defendants named in the Complaint in Case No. 1:13CV356 are the Guilford County Schools, Superintendent Maurice Green, and Principal Charles Blanchard. In conjunction with these Complaints, Plaintiff also submitted Applications for Leave to Proceed In Forma Pauperis, which have been referred to the Court for review.

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In the present case, Plaintiff alleges that Public Defender Close was appointed to represent Jacob Davis on a disorderly conduct charge arising from the assault. Based on the allegations, it appears that Jacob Davis was age 15 at the time of the alleged attack and that he is now 18. According to Plaintiff Patricia Davis, Attorney Close worked with the prosecution, "refused to turn over a letter that would have prevented the charges against Jacob," forced Plaintiff to surrender Jacob to her and then tried to force Jacob into pleading guilty, and told Jacob that he could not call witnesses in his defense at trial. Plaintiff Patricia Davis seeks

2

damages for the violations of Jacob Davis' civil and Constitutional rights, as well as an investigation of Ms. Close's actions.

In considering Plaintiff Patricia Davis' filings, the Court notes that Plaintiff Patricia Davis appears to be attempting to represent the interests of Jacob Davis, but there is no indication that Plaintiff Davis is an attorney. Even if Jacob were still a minor, which he apparently is not, Plaintiff Patricia Davis as his mother may not litigate these claims on his behalf. See Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400-01 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court, before both the district and appellate courts. . . . The right to litigate for oneself, however, does not create a coordinate right to litigate for others. The reasoning behind this rule is two-fold: it protects the rights of those before the court, and jealously guards the judiciary's authority to govern those who practice in its courtrooms. . . . We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court." (internal citations omitted)). A person may represent his own interests by proceeding *pro se*, and therefore Jacob Davis could potentially assert any claims he may have on his own behalf. However, his mother, as a non-attorney, cannot take on this responsibility. Therefore, absent the entry of an appearance by counsel, the claims asserted in this case by Plaintiff Patricia Davis should be dismissed under 28 U.S.C. § 1915(e)(2)(B). See Monk v. North Carolina, No. 5:12CV770-BO, 2012 WL 7991330 (E.D.N.C. Dec. 31, 2012) (finding that an independent basis for dismissal of a minor child's claims was that the father was not authorized to bring suit on behalf of the minor child without legal representation); Verbal v. Krueger, No. 1:09CV990, 2010

WL 276644 (M.D.N.C. 2010) (concluding that a mother's attempt to bring claims on behalf of her minor child was legally frivolous because a non-attorney parent may not litigate cases of their minor children). Accordingly, this action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

Plaintiff's request to proceed in forma pauperis shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous.

This, the 24th day of May, 2013.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge

---

[1] The Court also notes that pursuant to Federal Rule of Civil Procedure 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest," which in these cases appears to be Jacob Davis. Therefore, Jacob Davis must bring these claims in his own right, or his mother must show that he lacks the legal capacity to bring them and that she is authorized to bring suit on his behalf. However, as explained above, even if his mother is authorized to sue in her name for him, she still may not litigate the claims without an attorney. See Myers, 418 F.3d at 400; Monk, 2012 WL 7991330 *4, n.6.